IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSEPH IRA PATTERSON, III,**

    **Plaintiff,**

v.                                                    Case No. 3:22-cv-00376

**WESTERN REGIONAL JAILS,**

    **Defendant.**

### MEMORANDUM OPINION and ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Plaintiffs' Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion,* 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to

correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that the Western Regional Jail and Correctional Facility in Barboursville, West Virginia ("WRJ") placed him on lockdown for twenty-three to twenty-four hours per day over a fifteen-day period. (ECF No. 2 at 4). During this time, Plaintiff was celebrating Ramadan, but was not given food on some days, or after breaking his fast on April 4, 2022. He claims that he was called racial slurs, was denied showers, and was forced to share a cell with two other inmates, leaving him little room for prayer. (*Id.* at 5). For relief, Plaintiff asks that he never be housed in the WRJ again, he be awarded $100,000 in damages, and reimbursed court costs and fees. (*Id.*).

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983. If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.

As currently written, Plaintiff's complaint fails to state a claim sufficient to withstand dismissal on initial screening. In order for Plaintiff to state a *prima facie* case under § 1983, he must demonstrate that a *person* acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. *Rendall–Baker v. Kohn,* 457 U.S. 830, 838 (1982). Therefore, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** and cure the following deficiencies in pleading as indicated below:

1. The WRJ is not a "person" subject to liability for money damages under 42 U.S.C. § 1983. Therefore, if Plaintiff claims that a person or persons acting under color of state law violated his federal civil or constitutional rights, he must amend his complaint to name the individual or individuals as defendant(s). If Plaintiff does not know the name of a relevant person, Plaintiff shall list that person as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify the person in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the Court in determining the identity and number of individual defendants in the action, as well as the specific reason that each person is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Correctional Officer Ronald LKU ('last name unknown")).

2. Plaintiff must set forth facts in his complaint upon which the Court could conclude that these persons violated Plaintiff's rights. Plaintiff should provide dates and specific incidences in his complaint.

3. Plaintiff must describe any injuries he received and how they were received. For example, if the lack of a meal or a shower caused Plaintiff to suffer a physical injury, he should detail who inflicted the injury and the nature of the injury, and state whether he received any treatment for the injury.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered will likely result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded of his obligation to promptly notify the Clerk of Court of any change in his contact information.**

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No.

1), shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this Order and a blank § 1983 complaint form to Plaintiff.

**ENTERED:** September 7, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge