IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSEPH IRA PATTERSON, III,**

      **Plaintiff,**

v.                                                           Case No. 3:22-cv-00376

**WESTERN REGIONAL JAILS,**

      **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983 and his Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's Application be **DENIED**; his complaint be **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1; and this action be removed from the docket of the court.

**I.**      **Relevant History**

On September 2, 2022, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs, as well as a Complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). On September 7, 2022, the undersigned entered an Order advising Plaintiff that he would need to amend his complaint in order to avoid dismissal for failure to state

1

a viable claim. (ECF No. 4). In particular, Plaintiff was told that his complaint needed to name *a person or persons* as the defendant(s), because the Western Regional Jail and Correctional Facility was not considered a person subject to suit under 42 U.S.C. § 1983. (*Id.*). The undersigned further explained that Plaintiff needed to set forth a factual basis upon which the Court could conclude that the alleged substandard food service, racial slurs, crowded cell, and sporadic lack of showers at the Jail rose to the level of a constitutional violation and that he suffered an injury as a result. (*Id.*). Plaintiff was given forty-five days in which to file the amended complaint. (*Id.*).

Seven weeks later, on October 27, 2022, after Plaintiff failed to comply with the earlier Order, the Court entered an Order to Show Cause. (ECF No. 5). The show cause order notified Plaintiff that in 30 days the undersigned would recommend dismissal of his action for failure to prosecute, unless he submitted an amended complaint curing the deficiencies previously identified by the Court. Plaintiff was also required to make a showing of good cause as to why his case should be retained on the court's docket. (*Id.*). Plaintiff was told that if he wished to voluntarily dismiss the action, he could do so by filing a notice of dismissal with the Clerk. (*Id.*).

Although more than 60 days have passed since entry of the show cause order—and nearly four months since the first order was entered directing Plaintiff to file an amended complaint—Plaintiff has failed to complete this task. A review of the docket sheet indicates that Plaintiff received both of the Court's Orders. This is true despite the fact that Plaintiff was transferred to a different correctional facility during the pendency of this case, yet failed to advise the Clerk of his new address. Nonetheless, the Court located Plaintiff, directed the Clerk to update his address, and ensured that the show cause order was sent to the proper correctional facility so that Plaintiff was aware of the pending dismissal of

his lawsuit should he fail to act.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court

---

[1] Fed. R .Civ .P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ. P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received the orders stating that he must file a new complaint; yet, he has failed to abide by that directive. Moreover, since initiating this case in September 2022, Plaintiff has made no effort to check on the status of the case or contact the court regarding the orders that he received. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for over four months and, during that time, there has been no action by, or communication from Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff has now disregarded two court orders, including a show cause order, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Therefore, given that Plaintiff has failed to file an amended complaint sufficient to withstand an initial screening and, furthermore, shows no interest in pursuing this case, the court is left with only two options: dismiss the

4

case, or allow it to sit on the docket dormant. The latter option is patently unfair to the defendant.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute his claim is unknown. Therefore, the undersigned recommends that dismissal be without prejudice to account for the unlikely possibility that Plaintiff's dilatoriness is excusable and there is good cause and a basis to either reopen or reinstitute the claim.

### III.    Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v.*

*Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**:  January 4, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge